

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. AP-76,867

### EX PARTE JOE ANTHONY VALDEZ, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS FROM BEXAR COUNTY

**JOHNSON, J., filed a concurring opinion.**

### C O N C U R R I N G   O P I N I O N

Interestingly, both applicant and the state argue that Texas Government Code Section 499.053(c) supports an argument that applicant is, or is not, eligible for mandatory supervision. It seems to me that Section 499.053(c) is not helpful to either side because the wording of that statute makes it clear that it is intended to govern only the accounting of time credit.

> All laws relating to good conduct *time* and eligibility for release on parole or mandatory supervision apply to a person transferred to the department by the Texas Juvenile Justice Department as if the *time* the person was detained in a detention facility and the *time* the person served in the custody of the Texas Juvenile Justice Department was *time* served in the department. (emphasis added)

Eligibility for parole and mandatory supervision is rooted in time served; unless barred from such releases, an inmate becomes eligible for consideration for release by the Board of Pardons and Paroles based on the portion of the holding sentence that the inmate has served, coupled with any good time the inmate may have earned. An adult offender is usually entitled to time credit for periods during which the inmate was in custody for the charged offense before, during, and after trial. Section 499.053(c) simply assures that an inmate who was transferred from the juvenile system gets the same credit for time in custody as would an inmate who was an adult at the time of arrest and detention. "All laws relating to . . . eligibility for release on parole or mandatory supervision" must be understood in the context of eligibility for release being based on how time credit is determined.

With these comments, I join the opinion of the Court.


Filed: June 26, 2013
Publish